IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERELL WILSON,
An Individual,

       Plaintiff,

vs.

CASE NO.:

NATIONAL LOUIS UNIVERSITY, A
Foreign Not For Profit Corporation,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Dr. Sherell Wilson, ("Wilson" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant, NATIONAL LOUIS UNIVERSITY, A Foreign Not For Profit Corporation, ("NLU" or "Defendant"). Plaintiff in support of her claims states as follows:

## NATURE OF ACTION

1. This action is brought pursuant to violations of (1) Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq*. (2) the Florida Civil Rights Act of 1992, as amended Fla. Stat. §760.10, et seq.

2. Plaintiff alleges that Defendant discriminated and retaliated against her on the basis of disability and/or because Defendant regarded her as

disabled, by reducing her course load, placing her on a Performance Improvement Plan ("PIP"), and ultimately terminating her employment.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to the provisions of 28 U.S.C. § 1367 *et seq*.

5. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Hillsborough County, FL.

## PARTIES

6. At all times relevant to this action, Plaintiff was a resident of the State of Florida and employed by Defendant at its Tampa, Florida campus.

7. At all times relevant to this action, Defendant was and is a foreign not-for-profit corporation authorized to conduct business in the State of Florida, with operations in Hillsborough County, Florida.

8. At all times relevant to this action, Defendant employed fifteen (15) or more employees and is an employer within the meaning of the ADAAA.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. A notification of Right to Sue was received from the EEOC on or about July 18, 2025. This Complaint has been filed within ninety (90) days of receipt thereof.

11. All conditions precedent to bringing this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

12. On or around January 1, 2021, Plaintiff began her employment with Defendant as an Assistant Professor of Educational Leadership at NLU's Tampa, Florida campus.

13. Throughout Plaintiff's tenure, Plaintiff consistently received positive performance reviews and professional recognition, including the 2023 Faculty Excellence Award.

14. Plaintiff was entrusted with significant responsibilities, including conducting research supported by university-awarded seed grants, curriculum development, program design, and leadership on university governance committees.

15. On October 13, 2024, Plaintiff notified NLU leadership that she had been admitted to the emergency room after losing consciousness on a commercial flight and that she was subject to physician-directed restrictions. The same day, she provided a doctor's note indicating she would need the week off for specialist follow-ups.

16. On December 16, 2024, after Plaintiff disclosed her medical status and restrictions, Defendant, without prior counseling or progressive discipline of Plaintiff, placed Plaintiff on a PIP and reduced her course load.

17. On January 9, 2025, Plaintiff informed leadership she needed further medical evaluations.

18. On January 29, 2025, NLU's Provost issued a notice of non-renewal of Plaintiff's appointment for the 2025–26 academic year, effectively terminating Plaintiff's employment.

19. The temporal proximity between Plaintiff's medical disclosures in October 2024, the reduction in her course load and PIP in December 2024, and her termination in January 2025 demonstrates that Defendant's adverse actions were motivated by her disability and/or because Defendant regarded her as disabled.

## **COUNT I – VIOLATION OF ADAAA – DISABILITY DISCRIMINATION – "REGARDED AS"**

20. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Nineteen (19) as though fully set forth herein.

21. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, or, alternatively, Defendant regarded her as disabled.

22. Plaintiff was able to perform the essential functions of her position with or without reasonable accommodation.

23. Defendant discriminated against Plaintiff by reducing her course load, placing her on a PIP, and terminating her employment because of her disability and/or because Defendant regarded her as disabled.

24. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

### COUNT II – VIOLATION OF THE ADAAA (RETALIATION)

25. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Nineteen (19), as though fully set forth herein.

26. Plaintiff engaged in protected activity under the ADAAA when she disclosed her medical condition, requested leave for treatment, and sought further medical evaluations.

27. In retaliation for engaging in protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including but not

limited to: reducing her course load, placing her on a PIP, and terminating her employment.

28. Defendant's retaliatory actions would dissuade a reasonable employee from engaging in protected activity under the ADAAA.

29. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

### COUNT III – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (DISABILITY DISCRIMINATION)

30. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Nineteen (19), as though fully set forth herein.

31. Plaintiff is a member of a protected class due to her disability and/or because Defendant regarded her as disabled.

32. Defendant discriminated against Plaintiff by reducing her course load, placing her on a PIP, and terminating her employment because of her disability and/or because Defendant regarded her as disabled.

33. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (RETALIATION)

34. Plaintiff realleges and readopts the allegations of Paragraphs One (1) through Nineteen (19), as though fully set forth herein.

35. Plaintiff engaged in protected activity when she disclosed her medical condition, requested leave for treatment, and sought further medical evaluations.

36. In retaliation for engaging in protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including but not limited to: reducing her course load, placing her on a PIP, and terminating her employment.

37. Defendant's retaliatory actions would dissuade a reasonable employee from engaging in protected activity under the Florida Civil Rights Act.

38. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant to include: an award of backpay and benefits, front pay, prejudgment and post judgement interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: **October 16, 2025**

        Respectfully submitted,

        */s/ Aaron C. Roberson*
        AARON C. ROBERSON- Lead Counsel
        Florida Bar Number 1018139
        DERON T. ROBERSON, JR.
        Florida Bar Number 1011941
        **ROBERSON & ROBERSON P.A.**
        Email: Aaron@robersonpa.com
        Deron@robersonpa.com
        Info@robersonpa.com
        16057 Tampa Palms Blvd. W. #231
        Tampa, Florida 33647
        Phone: 813.808.3688
        Attorneys for Plaintiff